IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RYAN MORAN,

    Plaintiff,

vs.                                          No. 05-2499-B/V

ROSS BATES, et al.,

    Defendants.
_____

ORDER GRANTING MOTION TO DISMISS COMPLAINT AS UNEXHAUSTED
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE
_____

Plaintiff, Ryan Moran, Tennessee Department of Corrections ("TDOC") inmate number 249303, an inmate at the West Tennessee State Penitentiary ("WTSP"), filed this pro se complaint under 42 U.S.C. § 1983, against Ross Bates, Charles Sweatt, Kenneth Boyd, Bobby Reynolds, Stanley Haislip, Terrance Henning, and Officer Cothran.[1]

Plaintiff Moran alleged that Defendants Reynolds, Boyd, and Sweatt assaulted him while he was in shackles on January 5, 2005. He also contended that Defendants Haislip and Henning were present

---

[1] As an initial matter, the Court has reviewed the record and determined that Defendant Cothran has not been served. Plaintiff filed this complaint on July 13, 2005. Service was attempted and the documents returned July 18, 2006 unexecuted. Plaintiff has not supplied the Clerk with any additional information to assist the Marshal with further attempts at service. Rule 4(m) of the Federal Rules of Civil Procedure requires service to be made upon a defendant within 120 days after the Court directs that service issue. Accordingly, Plaintiff's claims against Cothran are dismissed without prejudice due to Plaintiff's failure to obtain service within 120 days.

but did not intervene to stop the beating. Moran claims that Defendant Bates met with him in April of 2005 to discuss these incidents, at which time Plaintiff filed a grievance. Plaintiff exhausted his administrative remedies on the grievance, which was investigated, but deemed untimely.

On August 21, 2006, Defendants Ross Bates, Charles Sweatt, Kenneth Boyd, Bobby Reynolds, Stanley Haislip, and Terrance Henning filed a motion to dismiss, accompanied by a supporting memorandum. On August 31, 2006, Plaintiff responded to Defendants' motion. The basis for Defendants' motion to dismiss is that Plaintiff failed to timely exhaust his administrative remedies, in derogation of the Prison Litigation Reform Act and Woodford v. Ngo, 126 S. Ct. 2378 (2006). Moran responds that he attempted to resolve his complaint "internally within the confines of the [TDOC]" and that those attempts combined with the language "or most recent occurrences giving rise to the grievance" found in § VI.(C)(1) of TDOC Policy Index 3 501.01 make his grievance timely.

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). See also Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). The Court must construe all the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467

U.S. 69, 73 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Forty-two U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Porter v. Nussle, 534 U.S. 516, 524 (2002). The Sixth Circuit has held that the language of 42 U.S.C. § 1997e(a) requires a federal court to dismiss a prison conditions claim without prejudice whenever a prisoner has not demonstrated that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998); Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999) (exhaustion requirement applies to claim alleging denial of medical care ).

The Court's review of the record as a whole demonstrates that Plaintiff's claim is fully within the scope of § 1997e. Plaintiff alleges that Defendants used excessive force on January 5, 2005. It is undisputed that Plaintiff had an "available" administrative system for review of his claims. Porter, 534 U.S. at 524. He did not file a grievance until April 11, 2005, despite the requirement that grievances be filed within seven (7) calendar days of the triggering event.

The Supreme Court's decision in Woodford v. Ngo, 126 S. Ct. 2378, 2382-86 (2006), held that a prisoner must properly exhaust

3

his grievance by complying with an agency's deadlines and that he does not satisfy the exhaustion requirement of § 1997e(a) "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Furthermore, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Letters and petitions are, therefore, no substitute for a formal inmate grievance. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison).

"[A] federal court should not prematurely 'decide' the merits" of an action "unless the complaint satisfies § 1997e(c)(2)." Brown v. Toombs, 139 F.3d at 1104. Plaintiff's claims were not properly exhausted and must be dismissed. Accordingly, the Court GRANTS Defendants' motion and DISMISSES Plaintiff's claims against the Defendants without prejudice, pursuant to 42 U.S.C. § 1997e(a).

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight

U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs, an appellate court must dismiss a complaint if a prisoner has failed to comply with 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, Plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[2] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA.

---

[2] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

5

Therefore, Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

    IT IS SO ORDERED this 12th day of March, 2007.

                                        <u>s/ J. DANIEL BREEN</u>
                                        UNITED STATES DISTRICT JUDGE