IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| RYAN MORAN, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 05-2499-B/V |
| | ◊ | |
| ROSS BATES, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

_____

ORDER DENYING MOTION TO ALTER OR AMEND
ORDER REAFFIRMING CERTIFICATION APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE
_____

On March 12, 2007, the Court granted Defendants' motion to dismiss Plaintiff, Ryan Moran's complaint based upon his failure to properly and timely exhaust his administrative remedies against the Defendants.  See Woodford v. Ngo, 126 S. Ct. 2378, 2382-86 (2006).  Judgment was entered on March 13, 2007.  On March 22, 2007, Moran filed a motion to alter or amend the judgment contending that his administrative grievance against Ross Bates was timely and that Bates should be liable "for failing to investigate or act, when he had an affirmative duty imposed by Tennessee law, and inherent [sic] within the nature of his employment to act, and failed to do so."[1]

---

[1]  Plaintiff alleged that Defendants Reynolds, Boyd, and Sweatt assaulted him while he was in shackles on January 5, 2005.  He claimed that Defendants Haislip and Henning were present but did not intervene to stop the beating.  Moran further contends that Defendant Bates met with him in April of 2005 to discuss these incidents, at which time Plaintiff filed a grievance. Plaintiff exhausted his administrative remedies on the grievance, which was

It is undisputed that Plaintiff had an "available" administrative system for review of his claims but did not file a grievance until April 11, 2005, despite the requirement that grievances be filed within seven (7) calendar days of the triggering event. Plaintiff's grievance was deemed untimely despite his argument that he attempted to resolve his complaint "internally within the confines of the [TDOC]" and that those attempts combined with the language "or most recent occurrences giving rise to the grievance" found in § VI.(C)(1) of TDOC Policy Index 3 501.01 make his grievance timely.

Moran's contention that Bates' failure to act upon his untimely grievance or investigate the substance of his grievance provides no basis for the Court to alter or amend its judgment. The denial of the appeal of a prisoner's grievance cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. Simpson v. Overton, 79 Fed. Appx. 117, 2003 WL 22435653 (6th Cir. 2003); see also Martin v. Harvey, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001)("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Moreover, § 1983 liability may not be imposed against Bates for "a mere failure to act" based upon information contained in the grievance. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28

---

investigated, but deemed untimely.

(6th Cir. 1996).  Although failure to investigate may give rise to § 1983 supervisory liability, see Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) and Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in Walker and the analysis in its progeny indicate that evidence of the "failure to investigate" can only establish municipal liability.  In Dyer v. Casey, 1995 WL 712765, at **2 (6th Cir. 1995), the Sixth Circuit Court of Appeal stated that "the theory underlying [Marchese and Lucas (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct." In Walker, the Sixth Circuit distinguished Marchese because the Court "imposed the broad investigative responsibilities outlined in Marchese upon the Sheriff in his official capacity." Walker, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act.").  In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

Young v. Ward, 1998 WL 384564 *1 (6th Cir. 1998).  Any claims against Bates based upon ratification or failure to take any remedial measure are without merit and fail to state a claim upon

which relief may be granted.  The motion to alter or amend is DENIED.

The Court repeats its previous certification, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 16th day of May, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE